UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:24-cv-1189-PGB-DCI

HOWARD COHAN,

     Plaintiff,

vs.

5433 ALTAMIRA TRS LLC,
a Foreign Limited Liability Company,
d/b/a TOWNEPLACE SUITES
BY MARRIOTT,

     Defendant(s).

_____/

## ANSWERS TO COURT'S INTERROGATORIES

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through his undersigned counsel, hereby files his Verified Statement Responding to the Court's Interrogatories, and in support thereof would state:

1. **Residence Address.**

   Plaintiff resides at 2377 NW 49th Lane, Boca Raton, Florida 33431.

2. **Name of current employer and place of employment.**

   None; Plaintiff is retired and currently on disability.

3. **Date(s) and time(s) that you visited the subject property.**

   Plaintiff visited the following Premises on the following date:

   a. 5433 Altamira Drive, Orlando, Florida 32819 – April 4, 2024

**4. Purpose of your visit(s) and duration of your stay(s).**

Plaintiff visited the Defendant's hotel as a bonafide patron seeking full and equal access and full and equal enjoyment of the facilities and amenities within the hotel.

Independent of the personal desire to have access to this place of public accommodation barriers to access, Plaintiff acts as an advocate for the disabled and as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in places of public accommodations. When acting as a "tester", Plaintiff personally visits the public accommodation, engages all of the barriers to access, or at least those that he is able to access, and tests all of those barriers to access to determine whether and to the extent to which they are illegal barriers to access.

**5. Did anyone else accompany you? If so, who?**

No.

**6. Describe the nature of your disability.**

Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As a result of these medical conditions Plaintiff's suffers body weakness, mobility limitations, abnormal gate, and abnormal balance. Additionally, his ability to lift, reach, bend, stretch, and twist are all substantially restricted.

**7. Specifically list each architectural barrier that you personally observed or experienced at this facility.**

**Outdoor Seating Area**
   a. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

b. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Bar and Bar Area**

c. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2, 305 and 306.

d. Failure to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§ 902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

e. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

f. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Food Service Area**

g. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

h. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Men's Restroom General**

i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

j. Failure to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§ 605 and 605.2.

k. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

l. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

**Men's Restroom Accessible Stall**

m. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.

n. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.(toilet seat cover dispenser)

o. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

p. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

q. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (toilet seat)

**Passenger Drop-Off Area**

r. Failure to provide a passenger loading zone with an access aisle marked with striping in violation of 2010 ADAAG §§ 209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3.

8. **Did you take notes or make a contemporaneous record of these barriers? If so, please attach a copy to these Answers.**

Yes, Plaintiff took photographs of the barriers. Copies of said Plaintiff's visit photographs to the properties is attached hereto as ***Exhibit A***.

9. **Please list any other Title III cases in which you have been a party in this District.**

I have been a plaintiff in approximately 659 Title III cases in this district. Please see attached "Select a Case" printout from the Middle District of Florida Electronic Case Filing System, attached hereto as ***Exhibit B***.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746. I verify under penalty of perjury that the

foregoing is true and correct.

Executed on: 7/15/24

By: _____
Howard Cohan
**Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2024, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF. I also certify that

the foregoing document is being served this day on counsel of record in this action

via transmission of Notices of Electronic Filing generated by CM/ECF.

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQ
Florida Bar No.: 0105553
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** perri@sconzolawoffice.com